IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY L. SUMMERS | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-517 |
| BRYAN COLLIER, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Anthony L. Summers, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Bryan Collier, Oscar Mendoza, Vickie Barrow, Darren Wallace, and Felipe Gonzalez, Jr.

Analysis

Plaintiff did not pay the required $400 filing fee for this action; thus, the court assumes he is attempting to proceed on an *in forma pauperis* basis.

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has an extensive history of litigation while in prison. Section 1915(g) applies to this action because at least five of plaintiff's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.[1]

To meet his burden of showing that he is in imminent danger, plaintiff must allege specific facts demonstrating an ongoing serious physical injury, or a pattern of misconduct that is likely to cause imminent serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet plaintiff's burden. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Further, allegations of past harm do not suffice as a basis for exception to the three strikes rule; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "genuine emergencies" where "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

Plaintiff's conclusory allegations asserted in this action are insufficient to prove that he was in imminent danger of serious physical injury when he filed this action. As a result, plaintiff is barred from proceeding *in forma pauperis*.

ORDER

For the reasons set forth above, plaintiff should be denied leave to proceed on an *in forma pauperis* basis. Accordingly, the action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Therefore, it is

---

[1] *See Summers v. Unknown Judges*, Civil Action No. 1:03cv459 (E.D. Tex. Mar. 8, 2004) (dismissed as frivolous): *Summers v. Gibson*, Civil Action No. 1:03cv1406 (E.D. Tex. Jan. 12, 2004) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 04-40101 (5th Cir. Aug. 18, 2004); *Summers v. Goodwell*, Civil Action No. 4:03cv55 (S.D. Tex. Sept. 24, 2003) (dismissed as frivolous and for failure to state a claim); *Summers v. White*, Civil Action No. 1:02cv797 (E.D. Tex. Dec. 19, 2002) (dismissed as frivolous).

**ORDERED** that plaintiff is **DENIED** leave to proceed *in forma pauperis* in this action. It is also

**ORDERED** that the above-styled action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

**SIGNED** this the 5 day of **November, 2019.**

_____
Thad Heartfield
United States District Judge